UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FLORES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RAUL LOPEZ,<br><br>　　　　　Respondent. | 1:10-cv-02203-OWW-JLT HC<br><br>FINDINGS AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS THE PETITION (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on November 22, 2010.[1] On March 29, 2011, Respondent filed the instant motion to dismiss the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

1

petition, contending that it was untimely and also that ground one failed to state a cognizable habeas corpus claim. (Doc. 14). On May 2, 2011, Petitioner filed his opposition. (Doc. 18). In that opposition, Petitioner contended, for the first time, that he was entitled to equitable tolling based on various medical conditions and events. (Doc. 18). On June 13, 2011, Respondent filed a reply challenging Petitioner's claim to entitlement to equitable tolling and providing additional documentation to refute Petitioner's claims of equitable tolling. (Doc. 21).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

---

running of the statute of limitation. Petitioner signed the instant petition on November 22, 2010. (Doc. 1, p. 6).

2

  B.  <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on November 22, 2010, and thus, it is subject to the provisions of the AEDPA.

  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  Petitioner was convicted in the Fresno County Superior Court on July 19, 2007 of one count of possession of a concealed dirk dagger and three counts of possession of a controlled substance and/or drug paraphernalia. (Doc. 1, p. 1). He was sentenced to a prison term of 26-years-to-life. (<u>Id</u>.). Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("5th DCA"), which remanded the case to make technical modifications in the sentence, but affirmed in all other respects. (Lodged Document ("LD") 2). Petitioner then filed a Petition for Review in the California

Supreme Court that was denied on October 31, 2007. (LD 3, 4). Subsequently, on remand, the Fresno County Superior Court modified the judgment, as ordered by the 5th DCA, the first time on November 13, 2007, and again on January 7, 2008. (LD 5). Petitioner did not appeal either of these sentence modifications.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner's sentence was last modified on January 7, 2008. Petitioner did not file an appeal. California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal from his final sentence modification, his direct review concluded on March 8, 2008, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, on March 9, 2008, and Petitioner would have had one year from that date, or until March 8, 2009, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on November 22, 2010, approximately 20 months after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California

4

petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents lodged by Respondent in support of the motion to dismiss establish that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Fresno County on December 10, 2009, and denied on January 21, 2010 (LD 6, 7);[2] (2) petition filed in the 5th DCA on March 10, 2010, and denied on August 4, 2010 (LD 8, 9); and (3) petition filed in the

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

California Supreme Court on August 18, 2010, and denied on September 29, 2010 (LD 10).

Although a petitioner is entitled to statutory tolling for a "properly filed" state habeas petition, a petitioner is not entitled to such tolling where the limitations period has already run prior to filing the state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, as mentioned, the limitations period expired on March 8, 2009, approximately nine months *before* Petitioner filed his first state habeas petition. Accordingly, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA for the three state habeas petitions he filed. Thus, unless Petitioner is entitled to equitable tolling, the petition must be dismissed as untimely.

### D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at

1107.

In his opposition to the motion to dismiss, Petitioner has, for the first time, claimed entitlement to equitable tolling on the following grounds: (1) Petitioner suffered "multiple life altering surgeries" that impaired his ability to prepare his petition; (2) Petitioner's father died; and (3) Petitioner's legal materials were transferred by Respondent to a warehouse, thus impeding his access to those materials. (Doc. 18, pp. 4-8). Respondent has submitted documents to refute Petitioner's claims for equitable tolling, arguing that Petitioner has not established that his medical problems, the transfer of his legal papers, or his father's death, either individually or collectively, prevented him from timely filing his petition. (Doc. 21). The Court agrees with Respondent.

Regarding the unfortunate death of Petitioner's father, even construing Petitioner's rather scant factual allegations as a claim of mental incompetency, the claim is utterly deficient. Mental incompetency may equitably toll the limitations period applicable to § 2254 actions because mental incompetency is an extraordinary circumstance beyond a prisoner's control. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). In determining whether mental incompetency exists, the court engages in a "highly fact dependent" evaluation of the record. Id. at 922 (*citing* Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000). In order for mental incompetence to serve as a basis for tolling of the limitations period it must have been the actual cause of the untimeliness of the habeas petition. Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001)("extraordinary circumstances" must be the "but for and proximate cause of [ ] untimeliness"); see also Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), *as amended*, 447 F.3d 1165 (9th Cir. 2006)(analyzing whether causal connection between mental deficiencies and late filing existed in light of specific facts of case); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)(mental condition must be the proximate cause of the untimeliness). Finally, it is, as always, Petitioner's burden to show equitable tolling is available. Gaston, 417 F.3d at 1034.

Here, Petitioner, while claiming "mental and psychological disabilities" as a result of his father's death, has provided no evidence or, indeed, any specific allegation of fact that would support a finding of equitable tolling in this situation. In other words, the mere fact of his father's passing, without more, is wholly insufficient to support a finding that extraordinary circumstances beyond

7

Petitioner's control prevented him from timely filing his petition. There must be some causal connection between the passing of Petitioner's father and Petitioner's inability to timely file his petition. <u>Allen</u>, 255 F.3d at 801. No doubt Petitioner felt, as would any individual, great sadness at his father's death. Even assuming, arguendo, that such can be termed a mental incompetency sufficient to constitute an "extraordinary circumstance," Petitioner has still presented no evidence that his unfortunate loss occasioned a period of documented and proven emotional distress that was the "but for" cause of his late filing, i.e., that it endured for the entire twelve-month AEDPA limitations period..

Petitioner appears to argue that his father's death occurred during the eleven-month period between the expiration of the one-year limitations period and the filing of his petition on November 22, 2010. (Doc. 18, p. 4). Petitioner reasons that this is why he was late in filing the instant petition. However, Petitioner misunderstands the pertinent timetable. The one-year period expired on March 8, 2009, nine months before he filed his first state habeas petition, but fully twenty months before he filed the instant petition. Even assuming, arguendo, that Petitioner suffered some delay as a result of his grief over his father's death, he was nevertheless able to file three state habeas petitions during what he has described as his "eleven-month absence," thus belying his claim that mental incompetency resulting from his father's death was the proximate cause of his untimely federal petition.

Regarding Petitioner's other claims of medical disability, the Court also finds them fatally lacking in specific allegations of fact. Petitioner contends that he underwent surgery for the removal of his appendix on April 3, 2008, that he suffered "post surgical complications for nearly (4) months," that he "also had arthoscopic [sic] surgery" on his right shoulder in November 2008, and that, after the latter surgery, he was in a "worse physical state" than before, requiring until December of 2009 to recover. (Doc. 18, p. 8).

What is entirely absent from all of these allegations is any "particularized description of how [Petitioner's] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." <u>Swanton v. Graham</u>, No. 07-cv-4113 (JFB), 2009 WL 1406969, at *4 (E.D.N.Y. May 19, 2009). Put another way, Petitioner has failed to establish a causal link between

the two surgeries and their aftermath, on the one hand, and Petitioner's failure to timely file his petition, on the other. It can be reasonably assumed that some period of physical disability ensues after any surgery.³ I can be assumed further that, as a result of each surgery, for a period of time Petitioner was not fully capable, physically, of sitting at a typewriter, organizing his thoughts and legal documents, and preparing the instant petition. However, the Court will not and cannot assume, without sufficient proof from Petitioner, that these two periods of physical impairment, either individually or collectively, encompassed the <u>entire</u> twelve-month AEDPA limitations period such that Petitioner was precluded from filing a timely federal petition. Moreover, as Respondent points out, Petitioner managed to file three state habeas petitions during the very time frame when he claims he was suffering from medical disabilities sufficient to preclude him from filing his federal petition. In sum, it is *Petitioner's responsibility* to provide such specific details showing that this was indeed the case. He has not done so; hence, he is not entitled to equitable tolling on this basis. See <u>Allen</u>, 255 F.3d at 801; <u>Gaston</u>, 417 F.3d at 1034; <u>Spitsyn</u>, 345 F.3d at 799.

Finally, regarding Petitioner's claim that Respondent's transfer of Petitioner's legal materials denied him access to them for preparation of the petition, Petitioner again provides no specific information or proof that he was denied access to his legal materials from November 7, 2008 until December 2009. Instead, Petitioner asks the Court to take him at his word; this the Court cannot do. It is, as mentioned above, Petitioner's responsibility to show entitlement to equitable tolling. If Petitioner had evidence that his legal materials had been confiscated, if he had proof that he had made fifteen unsuccessful requests of prison authorities for the return of such documents, or if, as Respondent suggests, he had pursued some form of administrative relief to obtain his legal materials, such evidence should have been presented in Petitioner's opposition to the motion to dismiss. He

---

³Petitioner's own evidence shows only that his appendectomy took place on April 3, 2008 and that he was released back to his prison on April 5, 2008, two days later. (LD 11). Petitioner was instructed on limiting his activities for one week, but was otherwise found to be ambulatory and without difficulties. (LD 11, pp. 42-44). The following week, Petitioner's staples were removed and the wound was found to be closed and without infection. (LD, p. 49). As to the arthroscopic surgery, the records show that the surgery took place on November 7, 2008, that Petitioner was discharged to the prison three days later with instructions to keep his arm in a sling for two weeks, and that eleven days post-surgery the surgical site was found to be without any signs of redness, infection, or other problems. (LD 11, pp. 102-107). The records do indicate that Petitioner suffered discomfort and was prescribed medications for his discomfort. However, in neither instance do the records indicate that Petitioner's disability encompassed the entire 12-month AEDPA period nor does the evidence show that "but for" these medical issues, Petitioner would have timely filed his petition.

9

has not presented any evidence to support his claim; accordingly, the Court finds that this claim of equitable tolling is without merit.  Therefore, the Court concludes that the petition is untimely and should be dismissed.

### E.  Failure To State A Cognizable Federal Claim In Ground One.

Respondent also contends that ground one in the petition fails to state a cognizable federal habeas claim.  (Doc. 14, p. 4).  The Court agrees.

In ground one, Petitioner contends that the search of Petitioner's car was in violation of the Fourth Amendment.  (Doc. 1, p. 4).  A federal district court, however, cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue.  Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994).  The only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under Stone was necessary).

The policy behind the Stone Court's analysis is that the exclusionary rule is applied to stop future unconstitutional conduct of law enforcement.  Stone, 428 U.S. at 492.  However, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost. See Stone, 428 U.S. at 489-90; Woolery, 8 F.3d at 1327-28.  Thus, the Ninth Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

Woolery, 8 F.3d at 1326; see also  Stone, 428 U.S. at 493-494.

In this case, Petitioner's Fourth Amendment claim was litigated through a suppression

1 hearing in the Superior Court. Petitioner's trial counsel filed a motion to suppress evidence pursuant
2 to Cal. Pen. Code § 1538.5 on February 3, 2008 based on the purportedly illegal car search. (LD 11).
3 A court hearing was held on the suppression motion on February 22, 2008, at the conclusion of
4 which the trial court denied the motion. (Id.). Thus, it is patent that Petitioner had a full and fair
5 opportunity to litigate the issue of the car search before trial, that he did in fact litigate that issue, and
6 that he received a ruling on the issue. Petitioner does not contend otherwise. Accordingly, ground
7 one is not a cognizable federal habeas issue and should be dismissed. Stone v. Powell, 428 U.S. at
8 494; Woolery, 8 F.3d at 1326.

### RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and for failure to state a cognizable claim as to ground one.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 27, 2011**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE